An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

NO. COA13-854

NORTH CAROLINA COURT OF APPEALS

Filed: 21 January 2014

IN THE MATTER OF:

| | |
|---|---|
| D.D.D., D.D.D., | Cherokee County |
| K.D.D., K.A.D. | Nos. 02 JT 59-60 |
| | 08 JT 38-39 |

On writ of certiorari from orders entered 22 March 2013 by Judge Richard K. Walker in District Court, Cherokee County. Heard in the Court of Appeals 7 January 2014.

> *Hyde, Hoover & Lindsay, by R. Scott Lindsay, for Petitioner-Appellee Cherokee County Department of Social Services.*
>
> *Wyrick Robbins Yates & Ponton LLP, by Tobias S. Hampson, for Respondent-Appellant Father.*
>
> *Womble Carlyle Sandridge & Rice, LLP, by Theresa M. Sprain and Carolyn C. Pratt, for Guardian ad Litem.*

McGEE, Judge.

This matter is before this Court for the second time. We previously reversed the 2010 orders terminating the parental rights of Respondent-Father. *In re D.D.D.*, COA11-114, 214 N.C. App. 560, 714 S.E.2d 866 (2011) (unpublished) ("*DDD I*"). In *DDD*

*I*, the trial court concluded the evidence supported four grounds to terminate Respondent-Father's parental rights: neglect; willful failure to make reasonable progress; failure to pay the cost of care; and commission of sexual assault. *Id.*, slip op. at 2-3.

This Court reversed on all four grounds in *DDD I*. On neglect, we held the trial court could not rely solely on a prior adjudication of neglect. The trial court also failed to make findings addressing the likelihood of repetition of neglect. *Id.*, slip op. at 10-11. On willful failure to make reasonable progress, the trial court failed to make findings addressing Respondent-Father's attempt to correct the conditions that led to the removal of the juveniles from the home. *Id.*, slip op. at 12. On failure to pay cost of care, Cherokee County Department of Social Services ("DSS") did not allege that ground in the termination petitions. *Id.*, slip op. at 12-13. On assault, Respondent-Father's conviction for indecent liberties was insufficient to support the termination. *Id.*, *slip op.* at 14-15. This Court concluded that "none of the grounds alleged by DSS [were] supported by the findings of fact," and reversed and remanded the matter to the trial court for further findings of fact. *Id.*, slip op. at 15.

On remand, a hearing was held by the trial court on 19 December 2011 and additional testimony was received from David Layfield ("Layfield"), a social worker; Donna Pendergrass ("Pendergrass"), a supervisor in the foster care unit for DSS; and Respondent-Father. Layfield testified about the lack of contact between Respondent-Father and the juveniles. Pendergrass also testified about the lack of contact between Respondent-Father and the juveniles. Respondent-Father testified about his appeal from his criminal conviction.

The trial court entered an order on 22 March 2013, terminating Respondent-Father's parental rights as to each of the juveniles on the grounds of neglect, abuse, willful failure to make reasonable progress, and failure to pay a reasonable portion of the cost of care. Respondent-Father filed notices of appeal from the orders terminating his parental rights on 29 May 2013.

Respondent-Father filed a petition for writ of certiorari on 30 August 2013, acknowledging the following defects in his notices of appeal: (1) his notices of appeal were not timely filed; and (2) Respondent-Father failed to sign the notices of appeal. Untimely notice of appeal and failure to have the notice of appeal signed by the appellant subject an appeal to

dismissal. N.C.R. App. P. 3.1(a); *In re I.T.P-L.*, 194 N.C. App. 453, 459, 670 S.E.2d 282, 285 (2008). Nevertheless, when the record indicates the parent desired to appeal and cooperated with counsel's efforts to give proper notice of appeal, this Court has exercised its discretion to issue the writ of certiorari to review a termination order. *Id*. at 459-60, 670 S.E.2d at 285. Because it appears Respondent-Father desired to appeal and cooperated with counsel's efforts to enter notice of appeal, we allow Respondent-Father's petition for writ of certiorari.

Respondent-Father argues the trial court erred in adjudicating neglect as a ground to terminate Respondent-Father's parental rights "where its findings were practically identical to its findings in the prior order[.]" The trial court made the following additional findings in support of the ground of neglect in its 22 March 2013 orders:

> 46. [Respondent-Father] earned a minimal hourly wage for work he performs while incarcerated in the North Carolina Department of Corrections.
>
> 47. [Respondent-Father] has also received gifts of money from relatives and friends since he has been incarcerated in the North Carolina Department of Corrections.
>
> 48. Any money earned by [Respondent-Father] or gifts of money received by him while he

has been incarcerated in the North Carolina Department of Corrections has been used for his personal needs. He has provided no support or gifts to his children while he has been incarcerated.

49. While [Respondent-Father] has been incarcerated in the Cherokee County Detention Center and in the North Carolina Department of Corrections, he has not contacted the Department to inquire about his children or how they were progressing.

50. While [Respondent-Father] has been incarcerated in the Cherokee County Detention Center and in the North Carolina Department of Corrections, he has not sent any letters to his children or to the Department to inquire about his children.

51. While [Respondent-Father] has been incarcerated in the Cherokee County Detention Center and in the North Carolina Department of Corrections, he has not sent any birthday cards, Christmas cards or gifts of any kind to his children.

52. While [Respondent-Father] has been incarcerated in the Cherokee County Detention Center and in the North Carolina Department of Corrections, he has not made any telephone calls to his children or to the Department to inquire about his children.

53. That [the juvenile] had been in [DSS] custody and in foster care for fifteen and one-half (15 ½) continuous, uninterrupted months prior to the filing of the Petition for Termination of Parental Rights on December 15, 2009.

54. [Respondent-Father] has neglected the child within the meaning of G.S. § 7B-

> 101(15) not due solely to poverty and said neglect is ongoing and likely to continue.

Respondent-Father does not challenge the findings as lacking support, and our review of the transcript indicates that evidence does support the trial court's findings; instead, Respondent-Father argues that the trial court erred by merely repeating its prior findings from the 2010 order. However, the trial court's findings in its 22 March 2013 orders, while similar, are not identical to the trial court's previous findings.

"The determinative factors must be the best interests of the child and the fitness of the parent to care for the child *at the time of the termination proceeding*." *In re P.L.P.*, 173 N.C. App. 1, 10, 618 S.E.2d 241 (2005), *aff'd per curiam*, 360 N.C. 360, 625 S.E.2d 779 (2006). As a preliminary matter, we note that, in addition to the findings quoted above, the trial court also made findings that Respondent-Father has been incarcerated since 3 November 2008; that Respondent-Father pled guilty to six felony counts of taking indecent liberties with a child and was sentenced to two consecutive terms of imprisonment of not less than 21 months and not more than 26 months; and that Respondent-Father is under a "no contact" order that prevented any case

plan being developed for him and prevented him from having contact with any of his children.

In *In re P.L.P.*, the trial court terminated the father's parental rights and found that the father "(1) 'could have written' but did not do so; (2) 'made no efforts to provide anything for the minor child'; (3) 'has not provided any love, nurtur[ing] or support for the minor child'; and (4) 'would continue to neglect the minor child if the child was placed in his care[.]'" *Id.* at 10-11, 618 S.E.2d at 247 (alterations in original).

Similarly, in the present case, the trial court's findings quoted above indicate that Respondent-Father has made no efforts to provide financial support for the juveniles, despite having the resources to do so and that Respondent-Father would continue to neglect the children in the future. The findings in the trial court's 22 March 2013 orders regarding neglect are substantially similar to the findings in *In re P.L.P.* Therefore, we conclude that the trial court did not err in adjudicating neglect as a ground to terminate Respondent-Father's parental rights.

Because we determine there exists "at least one ground to support a conclusion that parental rights should be terminated,

it is unnecessary to address the remaining grounds." *Id.* at 8,
618 S.E.2d at 246. We therefore do not address Respondent-
Father's remaining arguments on appeal.

Affirmed.

Judges McCULLOUGH and DILLON concur.

Report per Rule 30(e).